OPINION OF THE COURT
Michael J. Dontzin, J.
This is a motion by the defendant, Quentin Medical Laboratory, for an order directing that it not be made a participant in the medical malpractice panel hearing to be held in the instant medical malpractice action. The plaintiff opposes the within motion and cross-moves to compel the defendant, Quentin Medical Laboratory to produce evidentiary matter sought in a demand dated July 11, 1979.
This is a medical malpractice action, in which an administrator has recently been appointed, and in which the plaintiff seeks to recover from a number of physicians and the laboratory for the failure to properly diagnose and treat the deceased. With respect to the defendant laboratory the allegation is made that the defendant was negligent in permitting improperly trained personnel to read pap smears, failing to have proper pathologists available to review nonnegative slides and not properly reading and reporting test results.
*183 The defendant, Quentin Medical Laboratory (hereinafter referred to as "Quentin”), contends that the Legislature did not contemplate that a laboratory would be subject to a medical malpractice hearing or be bound by its findings.
In support of its position the defendant, Quentin, points out that section 148-a of the Judiciary Law does not enumerate medical laboratories as a party subject to medical malpractice panel procedure.
Subdivision 1 of section 148-a of the Judiciary Law provides as follows: "Each appellate division of the supreme court shall establish within its judicial department a medical malpractice panel or panels to facilitate the disposition of medical malpractice actions, including malpractice actions where a hospital is a named defendant, in the supreme court. The number of locations of such panels and the rules governing the operation thereof shall be determined by the respective appellate divisions.”
Initially, subdivision 1 of section 148-a did not enumerate the parties sought to be subjected to the medical malpractice panel procedure. Indeed it was contemplated that all parties would be subject to such proceedings. However, the Legislature in 1978 by chapter 95 of the Laws of 1978 amended subdivision 1 of section 148-a to specifically include hospitals. The reason for this amendment was set forth in the memorandum of the State Executive Department which states as follows:
"Section 148-a of the Judiciary Law requires each Appellate Division of the Supreme Court to establish within its Judicial Department a medical malpractice panel to facilitate disposition of medical malpractice actions. The bill would amend § 148-a to specifically provide that such panels shall review malpractice actions where a hospital is a named defendant.
"The provisions of § 148-a are generally understood to extend to malpractice actions against hospitals, as well as malpractice actions against doctors. A recent opinion of the Appellate Division, Fourth Department, however, implied that malpractice actions against hospitals might not be subject to the provisions of § 148-a (Rosenburgh v. University of Rochester). The bill is intended to avoid any confusion which may have resulted from this opinion.
"The bill would serve to clarify the applicability of § 148-a to all malpractice actions, and would thereby further the *184 objective of that section.” (McKinney’s Session Laws of NY, 1978, p 1685.)
Thus the purpose of the amendment to subdivision 1 of section 148-a of the Judiciary Law was not intended to delineate or limit the scope of inquiry of the medical malpractice panel but rather to clarify the applicability of subdivision 1 of section 148-a to all parties to a medical malpractice action. Additionally, if the defendants’ position were sustained, then the anomalous situation would result wherein a test performed in the laboratory of a hospital would be subject to the provisions of subdivision 1 of section 148-a and the very same test performed in a private laboratory would not.
Accordingly, and for the reasons set forth, the motion is denied. The plaintiffs’ cross motion to compel compliance with its demand of July 11, 1979 is granted, there being no opposition thereto.